# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-58-FDW

| | |
|---|---|
| JONATHAN DAVID HUSKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU FOX, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 4).

## I. BACKGROUND

*Pro se* incarcerated Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Alexander Correctional Institution. Plaintiff Huskins, who was born male but identifies as female, names as Defendants Nurse Fox, Nurse Supervisor at Alexander C.I., and Ms. Crump, Head Psychologist and Mental Health Coordinator of Alexander C.I.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff was diagnosed with Gender Dysphoria by Alexander C.I.'s Mental Health Department on July 19, 2016. She has seen medical and mental health staff numerous times and they have failed to provide any gender-affirming healthcare based on a "Blanket Administrative Policy" rather than individualized medical evaluation, in violation of the Eighth Amendment. The lack of treatment is causing severe distress and impairment including anxiety, sadness, depression, self-hatred, and will possibly lead to self-harm.

1

Plaintiff seeks prospective and preliminary injunctive relief of hormone therapy and female undergarments.

## II. PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER

A preliminary injunction is an extraordinary remedy that is never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008); Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20; Di Biase v. SPX Corp., 872 F.3d 224, 229 (4th Cir. 2017).

Plaintiff alleges that the lack of hormone treatment and female undergarments are causing sadness and anxiety, and that the denial of treatment may eventually lead to self-harm in the future. However, Plaintiff has failed to establish a reasonable likelihood of prevailing on the merits or that she is likely to suffer irreparable harm in the absence of preliminary relief. Therefore, preliminary injunctive relief is denied.

## III. INITIAL REVIEW STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory

or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**IV.    DISCUSSION**

"[T]he treatment a prisoner receives in prison and the conditions under which he is

3

confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. Hudson v. McMillian, 503 U.S. 1, 1 (1992).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is subjective and requires that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. An actionable deliberate indifference claim does not require proof that the plaintiff suffered an actual injury. Instead, it is enough that the defendant's actions exposed the plaintiff to a "substantial *risk* of serious harm." Farmer v. Brennan, 511 U.S. 825, 837 (1994) (emphasis added). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

To state a *prima facie* case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241

(internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

Courts have routinely held that gender dysphoria is a serious medical need for purposes of the Eighth Amendment. See Battista v. Clarke, 645 F.3d 449, 453-55 (1st Cir. 2011); Allard v. Gomez, 9 Fed. Appx. 793, 794 (9th Cir. 2001); White v. Farrier, 849 F.2d 322, 324 (9th Cir. 1988); see also De'lonta v. Johnson, 708 F.3d 520 (4th Cir. 2013) (protection against self-mutilation due to state officials' continued denial of sex reassignment surgery for gender identity disorder is a serious medical need).

Plaintiff's allegation that she has been diagnosed with gender dysphoria but is being denied hormone therapy and female undergarments pursuant to a "Blanket Administrative Policy" rather than individualized treatment survives initial review as to Defendants Fox and Crump.

## V. CONCLUSION

For the reasons stated herein, the Complaint is sufficient to survive initial review on Plaintiff's claim of deliberate indifference to a serious medical need.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint survives initial review pursuant to 28 U.S.C. § 1915.

2. The Motion for a Preliminary Injunction that is incorporated in the Complaint is **DENIED**.

3. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants **Fox** and

**Crump**, who are current or former employees of NC DPS.

Signed: August 1, 2018

Frank D. Whitney
Chief United States District Judge