UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-58-FDW

| | |
|---|---|
| JONATHAN DAVID HUSKINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU FOX, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion for to Dismiss for Lack of Jurisdiction, (Doc. No. 11).

I.     BACKGROUND

*Pro se* incarcerated Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Alexander Correctional Institution. Plaintiff Huskins was born male but identifies as female. She sought injunctive relief for Defendants' alleged failure to appropriately treat her gender dysphoria.[1] The Complaint passed initial review on Plaintiff's claims of deliberate indifference to a serious medical need against Alexander C.I. Nursing Supervisor Christina Fox[2] and Psychological Services Coordinator Rita Crump-Weatherford.[3] (Doc. No. 6). Defendants Fox and Crump waived service and filed the instant Motion to Dismiss for Lack of Jurisdiction in lieu of an answer. (Doc. Nos. 9, 11).

**(1)**     **Complaint**

---

[1] Preliminary injunctive relief was denied in the Order on initial review. (Doc. No. 6).

[2] "FNU Fox" in the Complaint.

[3] "FNU Crump" in the Complaint.

1

Plaintiff was diagnosed with gender dysphoria by Alexander C.I.'s Mental Health Department on July 19, 2016. She has seen medical and mental health staff numerous times and they have failed to provide any gender-affirming healthcare based on a "Blanket Administrative Policy" rather than individualized medical evaluation, in violation of the Eighth Amendment. The lack of treatment is causing severe distress and impairment including anxiety, sadness, depression, self-hatred, and will possibly lead to self-harm. Plaintiff sought injunctive relief of hormone therapy and female undergarments.

**(2)** **Defendants' Motion to Dismiss for Lack of Jurisdiction** (Doc. No. 11)

Defendants seeks dismissal of all claims for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). Since filing the Complaint in March 2017, Plaintiff has been provided with the hormone therapy and female undergarments that she sought in the Complaint. Even if Plaintiff was not receiving hormone therapy or female undergarments, Defendants would be unable to provide that relief because they are not licensed doctors and are therefore unauthorized to prescribe hormone therapy treatment, and they lack the unilateral authority to decide whether to provide Plaintiff with female undergarments.

**(3)** **Plaintiff's Response**

*Pro se* Plaintiff was informed of the importance of responding to Defendants' Motion to Dismiss. (Doc. No. 13). Plaintiff was cautioned that the failure to respond would probably result in the grant of relief that the Defendants are seeking. (Id.). Plaintiff failed to file a response or any evidence in opposition of the Defendants' Motions to Dismiss.

**(4)** **Evidence**[4]

---

[4] This section is not exhaustive.

**(A)     Declaration of Christina Fox, RN** (Doc. No. 12-1)

Defendant Christina Fox is a licensed registered nurse who has worked as NCDPS Nursing Supervisor at Alexander C.I. since November 2016. She is not licensed or otherwise authorized to prescribe medications including hormone therapies.

NCDPS and medical staff at Alexander C.I. take gender dysphoria diagnoses seriously and make efforts to accommodate individuals with this diagnosis. As Nursing Supervisor, Fox does not have the authority to provide inmates with the undergarments that they request, even if it is based on gender dysphoria. Undergarment decisions are made by custodial staff. Requests for undergarment accommodations for inmates diagnosed with gender dysphoria are made by the facility's Transgender Accommodation Review Committee ("TARC"). Defendant Fox sits on the TARC at Alexander C.I. but does not have unilateral authority to make decisions for the committee.

Defendant Fox is familiar with Plaintiff's medical records. Dr. Marta Kalinski initially did not treat Plaintiff with hormone therapy because she had concerns over her lack of expertise in administering such therapy and the potential side effects. Plaintiff was therefore sent to UNC Endocrinology which does have such expertise. UNC recommended treating Plaintiff with hormone therapy and Alexander C.I. staff has been following that recommendation with UNC Endocrinology's oversight beginning April 2018. Plaintiff has also been provided female undergarments. See (Doc. No. 12-4 at 1) (personal property inventory dated February 27, 2018).

**(B)     Declaration of Rita Crump-Weatherford** (Doc. No. 12-5)

Defendant Crump-Weatherford is a Licensed Psychological Associate with a Master's degree in psychology who has been employed by NCDPS for 18 years. For the past four years she has worked as the Psychological Services Coordinator for Alexander C.I. She is not licensed or

otherwise authorized to prescribe medications including hormone therapies. As Psychological Services Coordinator, she does not have the authority to provide inmates with the undergarments that they request, even if it is based on gender dysphoria.

## II. STANDARD OF REVIEW

A federal court is obliged to dismiss a case in its entirety whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 502 (2006); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised by motion. Id.; see Fed. R. Civ. P. 12(b)(1). Determining subject matter jurisdiction at the outset of the litigation is often the most efficient procedure. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999). A dismissal for any defect in subject matter jurisdiction must be without prejudice, "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013); see Fed. R. Civ. P. 41(b).

## III. DISCUSSION

A court is deprived of jurisdiction over a case when it becomes moot. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); Pashby v. Delia, 709 F.3d 307, 316 (4th Cir. 2013). "Mootness questions often arise in cases involving inmate challenges to prison policies or conditions" because by the time such a suit is ready for adjudication, the challenged practice or policy may no longer affect the prisoner. Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007). A claim may be mooted "when the claimant receives the relief he or she sought to obtain through the claim," because the court no longer "has [] effective relief to offer." Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Defendants have presented evidence that Plaintiff has already received the injunctive relief

requested in the Complaint and, in any event, that they lacked the authority to unilaterally provide Plaintiff with the requested relief. Thus, Defendants have demonstrated that the Court has no relief to offer in this matter. Plaintiff failed to file a Response disputing Defendants' evidence and assertions of mootness. Defendants' Motion to Dismiss for Lack of Jurisdiction will therefore be granted.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Jurisdiction is granted.

**IT IS THEREFORE ORDERED** that:

1. Defendants' Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 11), is **GRANTED**.

2. The Clerk of Court is instructed to close this case.

Signed: January 17, 2019

Frank D. Whitney
Chief United States District Judge